FILED
IN CLERK OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JUN 22 2011 ★
LONG ISLAND OFFICE

CV 11 3000

GLEESON, J.
J. ORENSTEIN, M.

SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
ESTI LOWENBEIN on behalf of herself
and all other similarly situated

                Plaintiff,

      -against-

ALLIED INTERSTATE, INC.

                Defendant.
-----------------------------------------------------------

## CLASS ACTION COMPLAINT

### Introduction

1. Plaintiff seeks redress for the illegal practices of Allied Interstate, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### Parties

2. Plaintiff is a citizen of the State of New York and resides in this District.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt purportedly owed to The Port Authority of NY/NJ.

4. Upon information and belief, Allied Interstate, Inc. is an Ohio corporation which maintains an office for collection of debts in Columbus, Ohio.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the collection letter was sent into this district.

### *Allegations Particular to Esti Lowenbein*

9. On information and belief, on a date better known by defendant, defendant began attempting to collect an alleged consumer debt from the plaintiff.

10. On or about May 26, 2011 defendant sent the plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. Said letter states in pertinent part as follows: "If you believe that you do not owe all or any portion of the debt, you need to notify us within 30 days after receiving this letter. If you do not, we will assume the debt is valid. If you notify us within 30 days after receiving this letter that you dispute the validity of any portion of this debt, we will obtain verification of the debt, or a copy of a judgment against you, and mail it to you. If you provide written request within 30 days after receiving this letter, we will provide you with the name and address of the original creditor, if different from the current creditor."

12. Said language fails to effectively or in any or fashion communicate to the consumer that if the consumer wishes to obtain verification of the debt, the request must be made in writing pursuant to 1692g.

13. Defendant's letter is in violation of 15 U.S.C. §§ 1692g and 1692e(10) for failing to accurately set forth the dispute and verification rights and for engaging in

deceptive practices.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of herself and the members of a class, as against the defendant.*

14.  Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-13 as if set forth fully in this Cause of Action.

15.  This cause of action is brought on behalf of plaintiff and the members of a class.

16.  The Class consists of consumers who received the same form letter, as did the plaintiff.

17.  The Class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about May 26, 2011 sent within one year prior to the date of the within complaint; (b) the collection letter was sent to a consumer seeking payment of a consumer debt; and (c) the collection letter was not returned by the postal service as undelivered (d) and that the letter contained violations of 15 U.S.C. §§ 1692g and 1692e(10).

18.  Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

19. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

20. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

21. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

22. The defendant's use of the language violates the Fair Debt Collection Practices Act.

23. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on behalf of the members of the class, and against the defendant and award damages as follows:

    (a) Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

    (b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

    (c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
June 20, 2011

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein (AF-9508)

PO BOX 1962
SOUTHGATE, MI 48195-0962

# AlliedInterstate.

Consumer Service Department:
PO Box 361315
Columbus, OH 43236
Mon. - Fri. 8 am to 5 pm EST
(800) 652-7533

| | |
|---|---|
| Client Name: | The Port Authority of NY/NJ |
| Amount Due: | $58.00 |
| Client Ref. No: | 93288142 |
| Placement ID: | 0308646230 |
| Contact Phone: | (800)652-7533 |

011 736914562
000541/0005

ESTI LOWENBEIN
525 LEFFERTS AVE APT 5B
BROOKLYN, NY 11225    4566

Notice Dated:    5/26/2011

Our client, The Port Authority of NY/NJ, has asked us to contact you regarding your past due toll violation(s) and fee(s) for which you have previously been notified.

We are obligated to The Port Authority of NY/NJ, to make our best efforts to collect this account, in accordance with the Federal Fair Debt Collection Practices Act of 1978 (Public Law 95-109).

Please send your check, money order or cashiers check, payable to The Port Authority of NY/NJ for the full amount due.

We have pre-addressed the lower, tear-off portion of this letter and have included a return envelope for your mailing convenience.

Please know that the balance due may have increased since the date of this letter if additional violations have occured. For more information, please call the number listed above.

When your obligation has been resolved, we will clear this record from our active collection files.

This communication is from a debt collector attempting to collect a debt. Any information obtained will be used for that purpose.

If you believe that you do not owe all or any portion of the debt, you need to notify us within 30 days after receiving this letter. If you do not, we will assume the debt is valid. If you notify us within 30 days after receiving this letter that you dispute the validity of any portion of this debt, we will obtain verification of the debt, or a copy of a judgment against you, and mail it to you. If you provide written request within 30 days after receiving this letter, we will provide you with the name and address of the original creditor, if different from the current creditor.

See Consumer Rights Information on Reverse Side

Nicole Cummins
(800) 652-7533

| | |
|---|---|
| Debtor Name: | ESTI LOWENBEIN |
| Amount Due: | $58.00 |
| Client Ref. No: | 93288142 |

Pay this amount $58.00

To pay by credit card please complete:

```
MC ( ) VISA ( )
Credit Card #:_____
Signature:_____
Print Name:_____
Exp. Date:_____
```

Make Payable To:

Allied Interstate
PO Box 361535
Columbus, OH  43236

0003350030864623000000093288142900005800A

Consumers who reside in the states listed below are entitled to the notices specified below. The laws of other States and Federal Law, may provide the same, similar, or even greater rights to consumers.

**California:** The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practice Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They must not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collections activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

**Colorado:** A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA.

Our local address: 13111 E. Briarwood Ave. #340, Centennial, CO 80112 and Phone# 303-309-3839

**Maine:** Maine residents may contact our office by telephone at the number and office hours stated on the front of this letter.

**Massachusetts:** Massachusetts residents may contact our office by telephone at the number, office hours and address stated on the front of this letter or to 5230 Washington St. West Roxbury, MA 02132.

NOTICE OF IMPORTANT RIGHTS
YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT TO BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE COLLECTION AGENCY.

**Minnesota:** This Collection Agency is licensed by the Minnesota Department of Commerce.

**Tennessee:** This collection agency is licensed by the Collection Service Board, State Department of Commerce and Insurance.

**Wisconsin:** This collection agency is licensed by the Office of the Administrator of the Division of Banking, P.O. Box 7876 Madison, Wisconsin 53707.

**North Carolina:** North Carolina Department Insurance Permit No.: 3709, 3683, 3738, 917, 3715, 789, 3740, 1061, 4379, 3736, 4433, 4461, 4432, 4469.

**New York City:** New York License No.: 1140302, 1173635, 1140115, 1140113, 1140304, 1140551, 1140554, 1140555, 0933734, 1168335, 1140606, 1140607, 1140608, 1248312, 1248315.

This is not an exclusive list of your rights. It is merely the set of disclosures required by certain states for residents of their states.

Federal and state laws prohibit certain methods of debt collection, and require that we treat you fairly. You can stop us from contacting you by writing a letter to us that tells us to stop the contact. Sending such a letter does not make the debt go away if you owe it. Once we receive your letter, we may not contact you again, except to let you know that there won't be any more contact or that we intend to take a specific action.

If you have a complaint about the way we are collecting this debt, please write to us at Allied Interstate LLC, PO Box 361315 Columbus, OH 43236, email us at advocacygroup@allied-interstate.com, or call us toll free at 800-811-4214 between 9:00 AM Central Time and 5:00 PM Central Time Monday - Friday.

The Federal Trade Commission enforces the Fair Debt Collection Practices Act (FDCPA). If you have a complaint about the way we are collecting your debt, please contact the FTC online at www.ftc.gov; by phone at 1-877-FTC-HELP; or by mail at 600 Pennsylvania Ave., NW, Washington, DC 20580.